■ MAVIS DIXON et al., Appellants, v 2707 AVENUE CORP. et al., Respondents. [708 NYS2d 862] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 2, 1998, which denied plaintiffs' motion to restore this matter to the trial calendar, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings including reconsideration of defendants' motion for summary judgment on its merits. In the event it is established to his satisfaction that the appropriate filing fees were paid on July 28, 1997, the Clerk is directed to accept for filing, nunc pro tunc as of that date, plaintiffs' note of issue, jury demand and affirmation of compliance, all dated July 18, 1997. In the

event the appropriate fees have not already been paid, plaintiffs shall be permitted, upon payment of the requisite fees, to file such documents within 30 days of the date of this Court's order.

It is undisputed that, on July 25, 1997, plaintiffs served defendants by mail with their note of issue and accompanying papers. Those papers were then purportedly filed with the New York County Clerk's Office on July 28, 1997 and the appropriate fees paid. Thereafter, defendants moved for summary judgment. By order (Harold Tompkins, J.), entered February 26, 1998, defendants' motion was "denied as moot since the court computer indicates that the action was dismissed by Justice Stuart Cohen on September 4, 1997 for failure to file a note of issue." Apparently, this was the first notice that any of the parties had of the dismissal.

Given the foregoing and the strong policy that cases should be decided on their merits, it was an improvident exercise of the court's discretion, particularly without any showing of prejudice to defendants, to deny plaintiff's motion to restore the matter to the trial calendar and for permission to file a new note of issue. Absent service of a written demand upon plaintiffs to serve and file a note of issue within 90 days as required by CPLR 3216 (b) (3), the earlier dismissal of the action for failure to file a note of issue was improper. Moreover, since no such 90-day notice was ever served upon them, plaintiffs were not required to show a justifiable excuse for their delay or submit an affidavit of merits pursuant to CPLR 3216 (e).

Inasmuch as this matter is being restored to the trial calendar, defendants' previously denied motion for summary judgment should be restored to the motion calendar and decided on its merits. Concur—Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.